

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 PEARL STREET, SUITE 20-100
NEW YORK, NY 10004-2616

NEW YORK
REGIONAL OFFICE

April 8, 2025

**By ECF**
Hon. Lorna G. Schofield
United States District Court Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *SEC v. Robinson, et al.*, 22-cv-10200 (LGS); *SEC v. Haddow*, 17-cv-4950 (S.D.N.Y.) (Related Case)

Dear Judge Schofield:

Plaintiff Securities and Exchange Commission ("Commission" or "SEC") respectfully submits this letter to seek the Court's approval for proposed consent judgments ("Final Judgments") as to defendants James Robinson ("Robinson") and David Kennedy ("Kennedy") (together, "Defendants").[1] If approved, the Final Judgments will fully resolve *SEC v. Robinson*, *et al.*, 22-cv-10200 (LGS) (S.D.N.Y.).

Robinson and Kennedy have pled guilty and been sentenced in the related criminal cases, *United States v. James Robinson,* 21-cr-00344-LAK-1 (S.D.N.Y.) and *United States v. David Kennedy*, 21-cr-00344-LAK-2 (S.D.N.Y.) (the "Criminal Cases"). Each defendant was sentenced to 84 months of incarceration and ordered to pay, on a joint and several basis, $7,499,000 in restitution and $2,156,300 in forfeiture to the victims of the offense. *United States v. Robinson*, 21-cr-00344-LAK-1 (Crim. Dkt. Nos. 57, 59.); *United States v. Kennedy*, 21-cr-00344-LAK-2 (S.D.N.Y.) (Crim. Dkt. No. 42.)

The Proposed Final Judgments, which the Commission has authorized, are fair and reasonable and do not disserve the public interest, under *SEC v. Citigroup Global Markets, Inc.*, 752 F.3d 285 (2d Cir. 2014). Among other things, the Proposed Final Judgments would:

    (1)    permanently enjoin Robinson and Kennedy from committing violations of the federal securities laws that the SEC charges against them, including

---

[1] The Commission has separately filed proposed judgments and consents as to Robinson and Kennedy. (Dkt. Nos. 48, 48-1, 49, 49-1.)

      injunctions against committing fraud in connection with the offer, purchase, and sale of securities;

(2)     order Robinson to pay disgorgement in the amount of $263,000.13, plus prejudgment interest thereon in the amount of $116,809.94, for a total of $379,810.07. Robinson's $379,810.07 payment obligation would be deemed satisfied by the $7,499,000 Order of Restitution entered against him in the Criminal Action;

(3)     order Kennedy to pay disgorgement in the amount of $69,083.38 plus prejudgment interest thereon in the amount of $27,437.72 for a total of $96,521.10. Kennedy's $96,521.10 payment obligation would be deemed satisfied by the $7,499,000.00 Order of Restitution entered against him in the Criminal Action; and

(4)     not impose a civil penalty.

First, an injunction against future violations of the relevant antifraud provisions is fair, reasonable, and in the public interest. Defendants should be enjoined from committing securities fraud to protect the investing public, because "the commission of past illegal conduct is highly suggestive of the likelihood of future violations." *SEC v. Mgmt. Dynamics, Inc.*, 515 F.2d 801, 807 (2d Cir. 1975). Second, finding Defendants liable for paying disgorgement and prejudgment on their ill-gotten gains, but deeming these obligations offset by the entry of the orders of restitution in the Criminal Cases, is fair and reasonable to avoid double payment of Defendants' ill-gotten gains. *See SEC v. Palmisano*, 135 F.3d 860, 864 (2d Cir. 1998). Finally, not imposing a civil monetary penalty against Defendants in these settled resolutions is fair and reasonable. Defendants' criminal convictions and sentence of 84 months' imprisonment will provide appropriate punishment and deterrence.

For these reasons, the SEC respectfully requests that the Court approve the Proposed Final Judgments (Dkt. Nos. 48 & 49) and docket them with Robinson's and Kennedy's signed consents.

                                                                  Respectfully submitted,

                                                                 /s/ Christopher J. Dunnigan
                                                              Christopher J. Dunnigan
                                                              Senior Trial Counsel

cc:     Sanford Talkin, Esq., counsel for Robinson (by email)
        Todd Spodek, Esq., counsel for Kennedy (by email)